# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles Tufano and Richard Warren, as representatives of a class of similarly situated persons, and on behalf of the Pride Mobility Employee Stock Ownership Retirement Plan,<br><br>              Plaintiffs,<br><br>v.<br><br>Pride Mobility Products Corporation and the Pride Mobility Products Corporation ESOP Committee,<br><br>              Defendants. | Case No. 3:24-cv-00765-KM<br><br>(Hon. Karoline Mehalchick) |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ............................................................................................... 1

RELEVANT BACKGROUND ............................................................................ 1

I.    PLEADINGS AND MEDIATION ............................................................. 1

II.   OVERVIEW OF SETTLEMENT TERMS .................................................. 2

    A.    Settlement Class ................................................................................ 2

    B.    Relief ................................................................................................. 2

    C.    Release of Claims ............................................................................. 4

    D.    Class Notice and Settlement Administrator ...................................... 5

    E.    Attorneys' Fees, Costs, and Class Representative Compensation ........ 5

    F.    Review by Independent Fiduciary ..................................................... 6

STANDARD OF REVIEW ................................................................................. 6

ARGUMENT ...................................................................................................... 7

I.    THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY
      CERTIFIED FOR PURPOSES OF SETTLEMENT. .................................. 7

    A.    The Proposed Settlement Class Satisfies Rule 23(a) ......................... 8

    B.    The Proposed Settlement Class Satisfies Rule 23(b)(1) .................... 10

II.   THE SETTLEMENT SATISFIES RULE 23(E)(2). ................................... 12

    A.    Legal Standard .................................................................................. 12

    B.    The Class Representatives and Class Counsel Have Adequately
        Represented the Class and Will Continue to do So. ........................... 13

    C.    The Settlement was Negotiated at Arm's Length by Experienced
        Counsel and Facilitated by an Experienced Mediator. ...................... 13

    D.    The Relief is Adequate. ..................................................................... 14

        1.    Complexity and duration of the litigation (*Girsh* Factor 1) ........... 14
        2.    Stage of litigation (*Girsh* Factor 3) ............................................... 15

3.  Risks of establishing liability and damages (*Girsh* Factors 4, 5) ..16
4.  Range of reasonableness of the settlement in light of the best recovery and risks of litigation (*Girsh* Factors 8, 9).......................17
5.  Relevant *Prudential* Factors............................................................18

E.    The Settlement Treats Class Members Equitably. ...............................20

III.    THE COURT SHOULD APPROVE THE NOTICE PLAN AND SCHEDULE A FAIRNESS HEARING. ......................................................20

CONCLUSION .............................................................................................................21

LOCAL RULE 7.1 CERTIFICATION OF COMPLIANCE ...................................24

LOCAL RULE 7.8(b)(2) CERITIFICATION OF COMPLIANCE ......................25

# TABLE OF AUTHORITIES

**Cases**

*Basile v. Stream Energy Pennsylvania, LLC*,
  2018 WL 2441363 (M.D. Pa. May 31, 2018) ........................................................7

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ..................................................................................9

*Beltran v. Sos Ltd.*,
  2023 WL 319895 (D.N.J. Jan. 3, 2023), *report and recommendation adopted*,
  2023 WL 316294 (D.N.J. Jan. 19, 2023) ............................................................19

*Boley v. Univ. Health Servs., Inc.*,
  337 F.R.D. 626 (E.D. Pa. 2021), *aff'd,* 36 F.4th 124 (3d Cir. 2022) ...................11

*Chesemore v. Fenkell*,
  829 F.3d 803 (7th Cir. 2016) ...............................................................................14

*Clark v. Duke U.*,
  2018 WL 1801946 (M.D.N.C. Apr. 13, 2018)......................................................11

*Esslinger v. HSBC Bank Nevada*,
  2012 WL 5866074 (E.D. Pa. Nov. 20, 2012)........................................... 15, 16, 17

*Feinberg v. T. Rowe Price Grp., Inc.*,
  610 F. Supp. 3d 758 (D. Md. 2022) .....................................................................20

*Foster v. Adams & Assocs., Inc.*,
  2021 WL 4924849 (N.D. Cal. Oct. 21, 2021).......................................................14

*Fuller v. SunTrust Banks, Inc.*,
  No. 1:11-cv-00784, Dkt. 295-1 (N.D. Ga. June 5, 2020).....................................14

*Gamache v. Hogue*,
  338 F.R.D. 275 (M.D. Ga. 2021)............................................................................8

*Gates v. Rohm & Haas Co.*,

248 F.R.D. 434 (E.D. Pa. 2008) ........................................................14

*Girsh v. Jepson*,

521 F.2d 153 (3d Cir. 1975) ................................................... 12, 14

*Hacker v. Elec. Last Mile Sols. Inc.*,

722 F. Supp. 3d 480 (D.N.J. 2024) ....................................................6

*Hochstadt v. Bos. Sci. Corp.*,

708 F. Supp. 2d 95 (D. Mass. 2010) ..................................................17

*In re Gen. Instrument Sec. Litig.*,

209 F.Supp.2d 423 (E.D. Pa. 2001) ..................................................15

*In re Gen. Motors Corp.*,

55 F.3d 768 (3d Cir. 1995) ..........................................................7, 12

*In re Liquid Aluminum Sulfate Antitrust Litig.*,

2018 WL 7108059 (D.N.J. Dec. 3, 2018) ..........................................19

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,

2009 WL 331426 (D.N.J. Feb. 10, 2009) ..........................................11

*In re Merck & Co., Inc., Vytorin ERISA Litig.*,

2010 WL 547613 (D.N.J. Feb. 9, 2010) ............................................19

*In re Modafinil Antitrust Litig.*,

837 F.3d 238 (3d Cir. 2016) .............................................................8

*In re Schering Plough Corp. ERISA Litig.*,

589 F.3d 585 (3d Cir. 2009) ...................................................... 7, 9, 11

*In re Schering Plough Corp. ERISA Litig.*,

2008 WL 4510255 (D.N.J. Jan. 31, 2008) ...........................................8

*In re Warfarin Sodium Antitrust Litig.*,

391 F.3d 516 (3d Cir. 2004) ........................................................7, 17

*Karpik v. Huntington Bancshares Inc.*,

2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ......................................20

iv

*Krueger v. Ameriprise Fin., Inc.*,
   2015 WL 4246879 (D. Minn. July 13, 2015) .......................................................14

*Lenahan v. Sears, Roebuck & Co.*,
   2006 WL 2085282 (D.N.J. July 10, 2006) ........................................ 14, 16, 17, 18

*Luense v. Konica Minolta Bus. Sols. USA., Inc.*,
   2024 WL 2765004 (D.N.J. May 30, 2024) .................................................. 8, 9, 11

*McGowan v. CFG Health Network, LLC*,
   2024 WL 1340329 (D.N.J. Mar. 28, 2024) .................................................. 14, 19

*McWhorter v. Ocwen Loan Servicing*,
   2019 WL 9171207 (N.D. Ala. Aug. 1, 2019) .......................................................20

*Mehling v. N.Y. Life. Ins. Co.*,
   246 F.R.D. 467 (E.D. Pa. Oct. 24, 2007) ........................................ 8, 9, 10, 13, 21

*Nesbeth v. ICON Clinical Rsch. LLC*,
   2022 WL 22893879 (E.D. Pa. Mar. 10, 2022) ............................................. 19, 20

*Pfeifer v. Wawa, Inc.*,
   2018 WL 2057466 (E.D. Pa. May 1, 2018) ............................................. 9, 14, 21

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ............................................................................................21

*Pledger v. Reliance Tr. Co.*,
   2019 WL 10886802 (N.D. Ga. Mar. 28, 2019) ...................................................17

*Ramos v. Banner Health*,
   461 F. Supp. 3d 1067 (D. Colo. 2020) ................................................................17

*Roubert v. Cap. One Fin. Corp.*,
   2023 WL 5916714 (M.D. Fla. July 10, 2023) *report and recommendation
   adopted*, 2023 WL 5320195 (M.D. Fla. Aug. 18, 2023) .....................................20

*Stanford v. Foamex L.P.*,
   263 F.R.D. 156 (E.D. Pa. 2009) .......................................................................9, 11

*Stevens v. SEI Invs. Co.*,

    2020 WL996418 (E.D. Pa. Feb. 28, 2020) ........................................................ 19

*Strube v. Amer. Equity Inv. Life Ins. Co.*,

    226 F.R.D. 688 (M.D. Fla. 2005) .................................................................... 18

*Tibble v. Edison Int'l*,

    2017 WL 3523737 (C.D. Cal. Aug. 16, 2017) .................................................. 15

*Tussey v. ABB, Inc.*,

    850 F.3d 951 (8th Cir. 2017) ......................................................................... 14

*Wal-Mart Stores, Inc. v. Dukes*,

    564 U.S. 338 (2011) ......................................................................................... 8

## Statutes

29 U.S.C. § 1109 .................................................................................................. 11

29 U.S.C. § 1132(a) ......................................................................................... 7, 11

## Other Authorities

Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75

    Fed. Reg. 33830 .......................................................................................... 6

## Rules

Fed. R. Civ. P. 23 .................................................................................................. 7

Fed. R. Civ. P. 23 (a) ................................................................................. 7, 8, 9, 13

Fed. R. Civ. P. 23 (b) ................................................................................. 7, 10, 11

Fed. R. Civ. P. 23(c) ........................................................................................... 20

Fed. R. Civ. P. 23(e) ................................................................. 6, 12, 13, 18, 19, 20

## INTRODUCTION

Plaintiffs Charles Tufano and Richard Warren submit this Memorandum in support of their Motion for Preliminary Approval of Class Action Settlement with Defendants Pride Mobility Products Corporation and the Pride Mobility Products Corporation ESOP Committee regarding the management of the non-company-stock assets held in the Other Investments Account ("OIA") of the Pride Mobility Employee Stock Ownership Retirement Plan ("Plan" or "ESOP"). Under the Settlement, a Gross Settlement Amount of $2,100,000 will be paid to resolve the claims of the Settlement Class. This is a significant recovery for the Class and falls within the range of negotiated settlements in similar ERISA cases.

As elaborated below, the Settlement is fair, reasonable, and adequate, and merits preliminary approval so that the proposed Settlement Notice can be sent to the Settlement Class. Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order submitted herewith. As parties to the Settlement, Defendants do not oppose the motion.

## RELEVANT BACKGROUND

## I. PLEADINGS AND MEDIATION

On May 7, 2024, Plaintiffs filed a Class Action Complaint asserting a breach of ERISA's fiduciary duty of prudence with respect to the investment of the OIA Dkt. 1. Specifically, Plaintiffs alleged Defendants should have invested the OIA in

1

equities rather than Treasury bills and cash equivalents. On June 24, 2024, Defendants moved to dismiss the Complaint. Dkt. 24. Briefing on that motion was completed on August 12, 2024. Dkts. 26, 28.

While Defendants' motion was pending, the Parties participated in an all-day mediation on December 3, 2024, facilitated by Judge Mark Bennett (Ret.). Declaration of Jennifer K. Lee in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Lee Dec.") ¶12. That mediation resulted in the settlement that is the subject of this motion.

## II.    OVERVIEW OF SETTLEMENT TERMS

### A.    Settlement Class

The Settlement calls for certification of the following Settlement Class:

> All Participants of the Plan between May 7, 2018 and February 4, 2025, and their Beneficiaries and Alternate Payees of record, excluding the trustee and directors of Pride Mobility Products Corporation, and excluding participants who left the Plan before vesting in any part.

Lee Dec., Ex. 1 ("Settlement") §1.45.[1] Based on the information provided by Defendants, there are approximately 1,500 Settlement Class Members. *Id.* ¶3.

### B.    Relief

Under the terms of the Settlement, a Gross Settlement Amount of $2.1 million will be paid to resolve the claims of the Settlement Class Members.

---

[1] All capitalized terms have the meaning assigned to them in Article 1 of the Settlement Agreement, unless otherwise defined herein.

Settlement §1.22. After accounting for any Attorneys' Fees and Costs,

Administrative Expenses, and Class Representative Compensation approved by the

Court, the Net Settlement Amount will be distributed to Class Members in

accordance with the Plan of Allocation in the Settlement. *Id.* §§1.32, 5.1.

Under the Plan of Allocation, the Settlement Administrator[2] shall determine

a Settlement Allocation Score for each Settlement Class Member. *Id.* §5.1. For

purposes of making this determination, the Settlement Allocation Score shall be

calculated based on each Class Member's percentage of the assets invested in the

Plan's OIA. *Id.*

Class Members who are current participants in the Plan will have their

settlement distribution automatically deposited into their Plan account. *Id.* §5.5.1.

Class Members who are no longer in the Plan may have their distribution rolled

over into an individual retirement account or other eligible employer plan or will

automatically receive their share via check. *Id.* §§5.5.2–3. Under no circumstances

will any monies revert to Defendants. *Id.* §5.6. The aggregate balance of any

checks that are uncashed after 60 days will be paid to the Plan and allocated to the

accounts of Participants *pro rata* in proportion to their OIA balances. *Id.* §5.6.1

Defendants have also agreed to adopt procedures going forward. For a

---

[2] The proposed Settlement Administrator is Analytics Consulting LLC
("Analytics"), which has extensive experience administering ERISA settlements
nationwide, including in the 3rd Circuit. *See* Lee Dec. Ex. 3 at 17–19.

period of no less than three years, Pride Mobility or the Plan trustee will retain an independent investment manager to manage the OIA and its investment. This will provide additional benefit to the Settlement Class on a prospective basis.

### C.    Release of Claims

In exchange for this relief, the Settlement Class will release Defendants and affiliated persons and entities ("Released Parties") from all claims arising prior to the end of the Class Period that:

- Arise out of or relate to all claims raised in the Complaint or which could have been raised in the Complaint relating to the same subject matter, broadly construed, including any that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint, including any claims related to allocation, recycling, repurchasing, and managing or investing of assets of the Plan; or

- Would be barred by *res judicata* based on entry of the Final Approval Order; or

- Relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to any Settlement Class Member in accordance with the Plan of Allocation; or

- Relate to the retention of the Independent Fiduciary and to approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.[3]

---

[3] The Class Representatives, Settlement Class Members and the Plan also expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and

*See id.* §1.37. The Released Claims do not include claims to enforce the Settlement. *Id.*

### D.    Class Notice and Settlement Administrator

Class Members will be sent a direct notice of the settlement ("Notice") via first-class U.S. Mail. *Id.* §2.6 & Ex. A. The Notice will include a Rollover Form to make the rollover election described above. *Id.* §2.6 & Ex. B. There will also be a Settlement Website with the Complaint, Settlement Agreement and Exhibits, Notice, Rollover Form, Preliminary Approval Order and any other Court orders related to the Settlement, and Plaintiffs' Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation once it is filed. *Id.* §13.2. The Settlement Administrator will establish a toll-free telephone line with a live operator who can answer questions. *Id.* §13.3.

### E.    Attorneys' Fees, Costs, and Class Representative Compensation

The Settlement requires that Class Counsel file their motion for attorneys' fees at least 30 days before the date of the Final Fairness Hearing set by the Court. *Id.* §6.2. As explained in the Notice, Class Counsel will seek no more than one-third of the Gross Settlement Amount ($700,000) in attorneys' fees. *Id.* §1.3 & Ex. A. In addition, the Settlement provides for recovery of attorneys' costs,

---

any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

administrative expenses, and class representative compensation subject to Court approval. *Id.* §6.1.

## F.    Review by Independent Fiduciary

As required under ERISA, Defendants will retain an Independent Fiduciary to review and authorize the Settlement on behalf of the Plan. *Id.* §2.1; *see also* Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830. The Independent Fiduciary will issue its report prior to the Final Fairness Hearing so that the Court may consider it. *Id.* §§2.1.2, 2.1.6.

## <u>STANDARD OF REVIEW</u>

A class action cannot be settled without court approval. Fed. R. Civ. P. 23(e)(2). Approval of a proposed class action settlement proceeds in two stages: (1) preliminary approval and notice to class members of the proposed settlement; and (2) a final fairness hearing in which the Court determines whether the proposed settlement is "fair, reasonable, and adequate." *Id.*

At the preliminary stage, the Court "determine[s] whether it is 'likely to be able to' certify the proposed class, and whether it is 'likely to be able to' approve the terms of the proposed settlement. *Hacker v. Elec. Last Mile Sols. Inc.*, 722 F. Supp. 3d 480, 488 (D.N.J. 2024). Courts consider whether the settlement is the product of "informed non-collusive negotiations. . . grants preferential treatment to class representatives or segments of the class, and falls within the range of possible

approval." *Basile v. Stream Energy Pennsylvania, LLC*, 2018 WL 2441363, at *2 (M.D. Pa. May 31, 2018). Approval of a proposed class action settlement is "left to the sound discretion of the district court." *In re Warfarin*, 391 F.3d 516, 535 (3d Cir. 2004). Courts are mindful of the fact that "[t]he law favors settlement, particularly in class actions . . . where substantial judicial resources can be conserved by avoiding formal litigation." *In re Gen. Motors Corp.*, 55 F.3d 768, 784 (3d Cir. 1995) (citing cases).

## ARGUMENT

## I.    THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR PURPOSES OF SETTLEMENT.

For purposes of Settlement, the Parties ask the Court to appoint Plaintiffs Tufano and Warren and non-Plaintiff Dave Gunton as Class Representatives, to appoint Plaintiffs' Counsel as Class Counsel, and to certify the proposed Settlement Class. Certification of a class is appropriate where Plaintiffs demonstrate the four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23. Classes of participants seeking relief derivatively under 29 U.S.C. § 1132(a)(2) are "paradigmatic examples of claims appropriate for certification" under Rule 23(b)(1). *In re Schering Plough*, 589 F.3d 585, 604 (3d Cir. 2009) (citation and quotation marks omitted, citing cases). This case is no exception.

7

### A.    The Proposed Settlement Class Satisfies Rule 23(a)

*Ascertainability:* The Settlement Class can easily be ascertained through a list of all the Plan's participants during the Class Period provided by the Plan's recordkeeper. *Gamache v. Hogue*, 338 F.R.D. 275, 285 (M.D. Ga. 2021).

*Numerosity:* The Settlement Class has approximately 1,500 members, satisfying numerosity. Lee Dec. ¶3; *see In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249–50 (3d Cir. 2016).

*Commonality:* Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). This case presents numerous common questions, including (1) whether Defendants were ESOP fiduciaries; (2) whether Defendants complied with ERISA's fiduciary standards of prudence; (3) the proper form of equitable and injunctive relief; and (4) the proper measure of monetary relief. Courts frequently find common questions like these presented by ERISA satisfy commonality. *See, e.g.*, *Luense v. Konica Minolta Bus. Sols. USA., Inc.*, 2024 WL 2765004, at *4 (D.N.J. May 30, 2024); *In re Schering Plough*, 2008 WL 4510255, at *4 (D.N.J. Jan. 31, 2008); *Mehling v. N.Y. Life. Ins. Co.*, 246 F.R.D. 467, 474–75 (E.D. Pa. Oct. 24, 2007).

*Typicality:* Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.

Civ. P. 23(a)(3); *see also Luense*, 2024 WL 2765004, at *4 (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006)). This requirement is satisfied here. Plaintiffs and the Settlement Class were all participants in the same Plan, whose OIA was uniformly managed and invested, making Plaintiffs' claims "identical to those of the class [they] seek to represent." *Id*. at *5 (citing *Schering Plough*, 589 F.3d at 599); *see also Stanford v. Foamex L.P.*, 263 F.R.D. 156, 168 (E.D. Pa. 2009).

*Adequacy:* Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor examines the adequacy of the proposed class representatives and the qualifications of class counsel, *Mehling*, 246 F.R.D. at 475 (citations and quotations omitted).

Plaintiffs Tufano and Warren and non-plaintiff Gunton are all adequate to represent the class.[4] They aided Plaintiffs' counsel in their investigation, provided documents to Plaintiffs' counsel, and were prepared to represent the class through

---

[4] If Defendants' motion to dismiss were denied, Plaintiffs were going to amend the Complaint to add Dave Gunton as a Plaintiff. Lee Dec. ¶19. Because this case settled while Defendants' motion to dismiss was pending, Plaintiffs did not have the opportunity to amend. However, Gunton, who was a participant in the Plan for a greater portion of the Class Period than Tufano and Warren, may still be appointed as a Class Representative if the Court finds him to be adequate. *See, e.g.*, *Pfeifer v. Wawa, Inc.*, 2018 WL 2057466, at *2 (E.D. Pa. May 1, 2018) (appointing non-plaintiff as class representative).

discovery and at trial. Tufano Dec. ¶3; Warren Dec. ¶3; Gunton Dec. ¶3. Tufano

and Warren also participated in the mediation. Tufano Dec. ¶4; Warren Dec. ¶4.

They are aware of no conflicts with the Class and have represented, and will

continue to represent, the Class's interests as they would their own. Tufano Dec.

¶¶3, 4; Warren Dec. ¶¶3, 4; Gunton Dec. ¶¶3, 4.

Plaintiffs' Counsel is also well-qualified to represent the Class. They possess

substantial experience prosecuting ERISA class actions, Engstrom Lee attorneys

comprise experienced ERISA practitioners and complex litigators who have been

appointed as class counsel in more than a dozen ERISA class actions. Lee Dec.

¶¶16–17, Ex. 2. They have prosecuted this action through the investigation, motion

practice, and mediation. *Id.* They have also co-counseled with experienced local

counsel. *Id.* ¶18; Declaration of Samuel Rosenthal ¶1. Plaintiffs' counsel are

therefore adequate. *See Mehling*, 246 F.R.D. at 475.

### B.    The Proposed Settlement Class Satisfies Rule 23(b)(1)

The proposed class also satisfies Rule 23(b)(1), which requires certification

of a class if prosecution of separate actions would create a risk of:

(A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Numerous courts have certified ERISA classes under Rule 23(b)(1). *Schering Plough*, 589 F.3d at 604 (citing cases). This court should do the same.

The claims here satisfy Rule 23(b)(1)(A) because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants. *In re Merck & Co.,* 2009 WL 331426, at *12 (D.N.J. Feb. 10, 2009) (certification under Rule 23(b)(1)(A) proper because of the risk "that different courts would reach inconsistent conclusions about the standards of conduct for the fiduciaries").

The claims also satisfy Rule 23(b)(1)(B) because they are brought derivatively on behalf of the Plan under ERISA, *see* 29 U.S.C. §§ 1109 and 1132(a)(2), and the outcome will necessarily affect the participants in the Plan and the Plan's fiduciaries. *Luense*, 2024 WL 2765004, at *8. Any alleged "breaches of fiduciary duty on the part of defendants . . . will, if true, be the same with respect to every class member". *Id.* Plaintiffs' claims "are based on defendants' conduct, not . . . on unique facts and individual relationships" and Plaintiffs' "proof[] regarding defendants' conduct will, as a practical matter, significantly impact the claims of other Plan participants." *Schering Plough*, 589 F.3d at 604; *see also, e.g., Boley v. Univ. Health Servs., Inc.*, 337 F.R.D. 626, 639 (E.D. Pa. 2021), *aff'd,* 36 F.4th 124 (3d Cir. 2022); *Stanford*, 263 F.R.D. at 156; *Clark v. Duke U.*, 2018 WL 1801946, at *9 (M.D.N.C. Apr. 13, 2018).

## II.    THE SETTLEMENT SATISFIES RULE 23(E)(2).

### A.    Legal Standard

In tandem with the requirements of Rule 23(e)(2), courts in the Third Circuit consider additional factors set forth in *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975). These include "(1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation." *In re Gen. Motors Corp.*, 55 F.3d at 785 (quoting *Girsh*, 521 F.2d at 157).

Further, the Third Circuit has identified additional factors that should be considered where applicable:

> the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, . . . the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; . . . the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved-or likely to be achieved-for other claimants; . . . whether any provisions for attorneys' fees are reasonable; and whether the procedure for processing individual claims under the settlement is fair and reasonable.

*Prudential Ins.*, 148 F.3d at 324.[5] Because many *Girsh* and *Prudential* factors overlap with those of Rule 23(e)(2), Plaintiffs address these factors together.

### B. The Class Representatives and Class Counsel Have Adequately Represented the Class and Will Continue to do So.

For the same reasons that the proposed Class Representatives and Plaintiffs' Counsel satisfy the adequacy of representation requirements under Rule 23(a)(4), they also satisfy Rule 23(e)(2)(A). The proposed Class Representatives have been actively engaged in the litigation, have no conflicts with the Class, and seek no individual relief. *See supra* at 9–10. Plaintiffs' counsel is also well-qualified. *See supra* at 10.

### C. The Settlement was Negotiated at Arm's Length by Experienced Counsel and Facilitated by an Experienced Mediator.

Rule 23(e)(2)(B) requires the court to determine whether a proposed settlement "was negotiated at arm's length." The Settlement was preceded by a thorough investigation and motion practice. *See supra* at 2. Counsel on both sides are experienced in ERISA and had a clear understanding of the strengths and weaknesses of each party's case. Armed with this understanding, the Parties entered settlement negotiations facilitated by experienced mediator, Judge Mark Bennett (Ret.). Lee Dec. ¶12. These circumstances support the conclusion that the Agreement was negotiated at arm's length. *See Mehling*, 246 F.R.D. at 473;

---

[5] Plaintiffs address only applicable *Girsh* and *Prudential* factors.

13

*Pfeifer*, 2018 WL 2057466, at *6; *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 (E.D. Pa. 2008).

 **D.** **The Relief is Adequate.**

  **1.** *Complexity and duration of the litigation (Girsh Factor 1)*

 The first *Girsh* factor "capture[s] the probable cost, in both time and money, of continued litigation.' *McGowan v. CFG Health Network, LLC*, 2024 WL 1340329, at *8 (D.N.J. Mar. 28, 2024). "Where the complexity, expense and likely duration of litigation are significant, the Court will view this factor as weighing in favor of settlement." *Lenahan v. Sears, Roebuck & Co.*, 2006 WL 2085282, at *12 (D.N.J. July 10, 2006).

 ERISA class actions are "notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases," "often leading to lengthy litigation." *Foster v. Adams & Assocs., Inc.*, 2021 WL 4924849, at *6 (N.D. Cal. Oct. 21, 2021) (first quotation); *Krueger v. Ameriprise Fin., Inc.*, 2015 WL 4246879, at *1 (D. Minn. July 13, 2015) (second quotation). Indeed, these cases can extend for a decade before final resolution, sometimes going through multiple appeals. *See e.g.*, *Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016); *Fuller v. SunTrust Banks, Inc.*, No. 1:11-cv-00784, Dkt. 295-1 at 10–11 (N.D. Ga. June 5, 2020) (recounting lengthy procedural history of ERISA class action); *Tussey v. ABB, Inc.*, 850 F.3d 951 (8th Cir. 2017) (recounting 11-year procedural history);

*Tibble v. Edison Int'l*, 2017 WL 3523737, at \*15 (C.D. Cal. Aug. 16, 2017) (outlining remaining issues ten years after suit filed). The Settlement avoids lengthy and costly litigation and provides immediate relief to the Settlement Class.

### 2. *Stage of litigation (*Girsh *Factor 3)*

By the time the Parties settled, Plaintiffs had conducted a thorough investigation and the Parties had fully briefed Defendants' motion to dismiss. *Supra* at 2. Even where a settlement is reached early, courts give "considerable weight to the views of experienced counsel regarding the merits of the settlement." *Esslinger v. HSBC Bank Nevada*, 2012 WL 5866074, at \*8 (E.D. Pa. Nov. 20, 2012). Counsel for Plaintiff have litigated numerous ERISA class actions, settling many while taking others to trial. Lee Dec. ¶ 16. Accordingly, Plaintiffs' Counsel is familiar with Plan fiduciaries' responsibilities under ERISA. Similarly, Defendants' counsel has extensive experience with ERISA and the documents underlying Plaintiffs' investigation, which allowed the Parties to fully and fairly assess the allegations and strengths and weaknesses of their respective positions at an early stage, to the benefit of the Class. This weighs in favor of approval. *See In re Gen. Instrument Sec. Litig.*, 209 F.Supp.2d 423, 431 (E.D. Pa. 2001) ("Significant weight should be attributed to the belief of experienced counsel that the settlement is in the best interests of the class."). This factor therefore augurs in favor of preliminary approval.

### 3.  *Risks of establishing liability and damages (*Girsh *Factors 4, 5)*

"The risk of establishing damages is often considered in conjunction with the risk of establishing liability." *Esslinger*, 2012 WL 5866074, at *9 (citing *Lenahan*, 2006 WL 2085282, at *14). In evaluating risks, the court may "give credence to the estimation . . . proffered by class counsel, who are experienced with the underlying case, and the possible defenses." *Id*.

This case presented a novel claim under ERISA concerning the investment of an ESOP's OIA. Plaintiffs' counsel is unaware of any court order regarding the prudent investment of an ESOP's OIA. Thus, Plaintiffs faced great uncertainty as to the success of this claim, even at the pleading stage. Indeed, the Parties hotly contested the appropriate framework for evaluating the prudence of the investment of the OIA and the appropriate peer group for evaluating Defendants' investment practices. *See* Dkt. 25 at 13–15. Even if Plaintiffs could prove liability, Plaintiffs faced another hurdle regarding loss causation and the risk that Plaintiffs' damages could be limited by steep declines in the bond market during the class period.

While Plaintiffs were confident in their ability to overcome these defenses, it would have required significant investment in multiple experts. These risks weigh in favor of approval of the settlement. *See Esslinger*, 2012 WL 5866074, at *9 (finding this factor satisfied where defendants asserted "it would vigorously challenge Plaintiffs' ability to show a causal nexus between [] alleged wrongdoing

and losses sustained by Class members."); *Lenahan*, 2006 WL 2085282, at *15

("In addition to defenses to liability, Plaintiffs would have to overcome any

defenses regarding damages that Defendants would assert."). Indeed, the risk of

little to no recovery is ever present in complex litigation, including in ERISA class

actions. *See, e.g.*, *Pledger v. Reliance Tr. Co.*, 2019 WL 10886802, at *24–25

(N.D. Ga. Mar. 28, 2019) (granting summary judgment in defendants' favor);

*Ramos v. Banner Health*, 461 F. Supp. 3d 1067, 1134–35 (D. Colo. 2020)

(judgment awarding only a fraction of the damages after bench trial); *Hochstadt v.*

*Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 108–09 (D. Mass. 2010) (ERISA claim value

reduced 5x by adverse pre-trial orders). Given the risks Plaintiffs faced with a

novel legal claim, this factor favors preliminary approval.

### 4. *Range of reasonableness of the settlement in light of the best recovery and risks of litigation (*Girsh *Factors 8, 9)*

These factors examine 'whether the settlement represents a good value for a

weak case or a poor value for a strong case.'" *Lenahan*, 2006 WL 2085282, at *15

(citing *Warfarin*, 391 F.3d at 538). Courts are cautioned "against demanding too

large a settlement based on its view of the merits of the litigation" *Esslinger*, 2012

WL 5866074, at *10.

Plaintiffs allege participants missed out on investment gains from the failure

to invest the OIA in a diversified stock portfolio. Plaintiffs' best day would have

yielded losses of $5.1 million. Lee Dec. ¶13. However, this assumes that a

prudently invested OIA would be invested in stocks through an S&P 500 index fund. *Id.* Defendants argued that losses should be compared to a bond portfolio and in relation to other investments in the ESOP. The Court could have agreed with Defendants or adopted a middle ground position, such as a 60/40 mix between equities and bonds, which would have reduced the Plan's losses to $2.4 million or even less. *Id.*

The Settlement represents at least 40% of the Plan's alleged losses as of the time of mediation, which falls well within the range of acceptable recoveries, especially in light of the early stage of the litigation. *See id.*; *Lenahan*, 2006 WL 2085282, at *16 (14% recovery adequate); *see also Strube v. Amer. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 698 (M.D. Fla. 2005) (2% recovery adequate). This recovery favors preliminary approval.

### 5. *Relevant* **Prudential** *Factors*

***Procedure for processing individual claims***. Rule 23(e)(2)(C)(ii) and *Prudential* examine the effectiveness of any proposed method of distributing relief to the class, including the method of processing claims. Class Members who are current participants in the Plan will automatically receive their distribution in their Plan accounts. Lee Dec. ¶8. Class Members who are no longer in the Plan will have the option to receive their Settlement distribution in the form of a rollover or automatically through a check. *Id.* This method of distribution minimizes barriers

to receiving distributions and is in line with numerous other approved ERISA class action settlements. *See, e.g.*, *Nesbeth v. ICON Clinical Rsch. LLC*, 2022 WL 22893879, at *4 (E.D. Pa. Mar. 10, 2022); *Stevens v. SEI Invs. Co.*, 2020 WL996418, at *6 (E.D. Pa. Feb. 28, 2020).

  ***Reasonableness of provisions for attorneys' fees***. Rule 23(e)(2)(C)(iii) and *Prudential* look at the terms of any proposed award of attorneys' fees, including timing of payment. Plaintiffs' Counsel will file an application seeking an award of attorneys' fees in an amount not exceeding $700,000 (one-third of the Gross Settlement Amount), plus reimbursement of litigation costs. Settlement §6.1.

  One-third is reasonable. In the Third Circuit, awards in common fund cases "generally range anywhere from nineteen percent (19%) to forty-five percent (45%) of the settlement fund." *McGowan*, 2024 WL 1340329, at *14; *see also Beltran v. Sos Ltd.*, 2023 WL 319895, at *8 (D.N.J. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 316294 (D.N.J. Jan. 19, 2023) (awarding one-third fee award).[6] A one-third fee is also typical of fee awards in ERISA class actions. *See, e.g.*, *Stevens*, 2020 WL 996418, at *13 (overruling objection and approving one-third fee award in ERISA class action, citing cases).[7] As for costs

---

[6] *See also In re Liquid Aluminum Sulfate Antitrust Litig.*, 2018 WL 7108059, at *1 (D.N.J. Dec. 3, 2018);  *In re Merck & Co., Inc., Vytorin ERISA Litig.*, 2010 WL 547613, at *9–*11 (D.N.J. Feb. 9, 2010).

[7] *See also Roubert v. Cap. One Fin. Corp.*, 2023 WL 5916714, at *9 (M.D. Fla. July 10, 2023) *report and recommendation adopted*, 2023 WL 5320195 (M.D. Fla.

and costs and expenses advanced on behalf of the Class, that amount is approximately $4,000 to date, and additional expenses are not expected to be material. Lee Dec. ¶5.

### E.    The Settlement Treats Class Members Equitably.

Under Rule 23(e)(2)(D), the Court must consider whether the proposal treats class members equitably. The Settlement proceeds will be distributed to Class Members on a *pro rata* basis based on each Class Member's percentage of the assets invested in the Plan's OIA. Settlement §5.1. Courts in this Circuit and elsewhere have found such *pro rata* distributions appropriate. *Nesbeth*, 2022 WL 22893879, at *4; *Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 770 (D. Md. 2022); *McWhorter v. Ocwen Loan Servicing*, 2019 WL 9171207, at *12 (N.D. Ala. Aug. 1, 2019).

## III.    THE COURT SHOULD APPROVE THE NOTICE PLAN AND SCHEDULE A FAIRNESS HEARING.

The Court must also ensure that notice is sent in a reasonable manner to all Class Members. *See* Fed. R. Civ. P. 23(e)(1). The "best notice practicable" includes "individual notice to all [class] members who can be identified through reasonable effort." *Id.* 23(c)(2)(B).

---

Aug. 18, 2023); *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *7 (S.D. Ohio Feb. 18, 2021); *Sims v. BB&T Corp.*, 2019 WL 1995314, at *2 (M.D.N.C. May 6, 2019).

The Settlement Administrator will provide direct notice to the Settlement Class via first-class mail. *See* Settlement §2.6. This type of notice is presumptively reasonable. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). The content of the Notice is also reasonable. It includes information regarding: (1) the nature of the claims; (2) the scope of the Settlement Class; (3) the terms of the Settlement; (4) the process for receiving distributions; (5) Class Members' right to object to the Settlement and the deadline for doing so; (6) the Class release; (7) the identity of Class Counsel and the compensation they will seek; (8) the date, time, and location of the Fairness Hearing; and (9) Class Members' right to appear at the final approval hearing. Settlement, Ex. A. The Notice will be supplemented through a website and telephone support line. *Supra* 6. This further supports approval of the notice program. *See Mehling*, 246 F.R.D. at 477–78; *Pfeifer*, 2018 WL 2057466, at *6–7 (same).

Finally, the Court should schedule a Fairness Hearing to provide the opportunity for Class Members to object and for the Court to consider final approval of the Settlement and Plaintiffs' requested attorneys' fees, costs, administrative expenses and class representative compensation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the Settlement Class, preliminarily approve the Settlement, and enter the

accompanying proposed order.

Dated: February 4, 2025

/s/ Jennifer K. Lee
Jennifer K. Lee, MN Bar No. 399012*
Carl F. Engstrom, MN Bar No. 396298*
Mark E. Thomson, MN Bar No. 398260*
**ENGSTROM LEE LLC**
323 N. Washington Avenue, Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
Facsimile: (612) 677-3050
jlee@engstromlee.com
cengstrom@engstromlee.com
mthomson@engstromlee.com

**THE ROSENTHAL FIRM**
Samuel J. Rosenthal, PA ID No. 50081
1845 Walnut Street, Suite 2350
Philadelphia, PA 19103
Telephone: (215) 923-8900
Facsimile: (215) 351-0593
srosenthal@rosenthalfirm.net

*Admitted via *Special Admission*

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 4, 2025, the foregoing was

electronically filed using the CM/ECF system, causing a Notice of Electronic

Filing to be transmitted to all counsel of record.

/s/Jennifer K. Lee

Jennifer K. Lee

## <u>LOCAL RULE 7.1 CERTIFICATION OF COMPLIANCE</u>

In compliance with Local Rule 7.1, the undersigned certifies that on February 3, 2025, counsel for Plaintiffs conferred with counsel for Defendants regarding this motion and have been advised that Defendants do not oppose this motion.

Dated: February 4, 2025

/s/Jennifer K. Lee
Jennifer K. Lee, MN Bar No. 399012*
Carl F. Engstrom, MN Bar No. 396298*
Mark E. Thomson, MN Bar No. 398260*
**ENGSTROM LEE LLC**
323 N. Washington Avenue, Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
Facsimile: (612) 677-3050
jlee@engstromlee.com
cengstrom@engstromlee.com
mthomson@engstromlee.com

**THE ROSENTHAL FIRM**
Samuel J. Rosenthal, PA ID No. 50081
1845 Walnut Street, Suite 2350
Philadelphia, PA 19103
Telephone: (215) 923-8900
Facsimile: (215) 351-0593
srosenthal@rosenthalfirm.net

*Admitted via *Special Admission*

**ATTORNEYS FOR PLAINTIFFS**

24

## <u>LOCAL RULE 7.8(b)(2) CERITIFICATION OF COMPLIANCE</u>

Pursuant to Local Rule 7.8(b)(2), the undersigned certifies as follows:

1.    Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement contains 4,992 words, excluding the parts of the brief exempted by the federal rules.

2.    Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement complies with the typeface requirements of Local Rule 7.8(b)(2) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2021, in 14-point Times New Roman.

Dated: February 4, 2025

/s/Jennifer K. Lee
Jennifer K. Lee, MN Bar No. 399012*
Mark E. Thomson, MN Bar No. 398260*
Carl F. Engstrom, MN Bar No. 396298*
**ENGSTROM LEE LLC**
323 N. Washington Avenue, Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
Facsimile: (612) 677-3050
jlee@engstromlee.com
mthomson@engstromlee.com
cengstrom@engstromlee.com

**THE ROSENTHAL FIRM**
Samuel J. Rosenthal, PA ID No. 50081
1845 Walnut Street, Suite 2350
Philadelphia, PA 19103
Telephone: (215) 923-8900
Facsimile: (215) 351-0593
srosenthal@rosenthalfirm.net

25

*Admitted via *Special Admission*

**ATTORNEYS FOR PLAINTIFFS**