UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charles Tufano and Richard Warren, as representatives of a class of similarly situated persons, and on behalf of the Pride Mobility Employee Stock Ownership Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Pride Mobility Products Corporation and the Pride Mobility Products Corporation ESOP Committee,<br><br>Defendants. | Case No. 3:24-cv-00765-KM<br><br>(Hon. Karoline Mehalchick) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. 32. After review of the Unopposed Motion for Preliminary Approval of Settlement and the attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:

1. Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-

length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following sufficient factual investigation; (3) the form and method of notice of the Settlement of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Third Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

    2.    Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies, for settlement purposes only, the following Settlement Class:

> All Participants of the Plan between May 7, 2018 and February 4, 2025, and their Beneficiaries and Alternate Payees of record, excluding the trustee and directors of Pride Mobility Products Corporation, and excluding participants who left the Plan before vesting in any part.

    3.    Named Plaintiffs Charles Tufano and Richard Warren, and non-Plaintiff Dave Gunton are appointed as the Class Representatives, and Engstrom Lee LLC, and the Rosenthal Firm are appointed as Class Counsel for the Settlement Class.

    4.    The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable, and adequate as it proposes each Class Member's distribution to be based on each Class Member's percentage of the assets invested in the Plan's

Other Investments Account ("OIA").

5.  The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the Settlement Class's release; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

6.  Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement

Agreement and this Order.

7. The Court approves the establishment of the Qualified Settlement Fund. Analytics Consulting LLC shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

8. No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from either the Plan's current and former Recordkeepers or information provided by Settlement Class Members. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

9. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

10. The Court hereby appoints Fiduciary Counselors Inc. to perform the

duties of the Independent Fiduciary under the Settlement Agreement. The Court further approves the payment or reimbursement of up to $20,000 in fees and expenses of the Independent Fiduciary from the Qualified Settlement Fund.

11. On June 17, 2025 at 10:00 AM in courtroom 1 of the United States District Court for the Middle District of Pennsylvania, William J. Nealon Federal Bldg. & U.S. Courthouse, 235 N. Washington Avenue, Scranton, PA 18503, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

12. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class

Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least twenty-one (21) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing.

13. Any party may file a response to an objection by a Class Member at least five (5) calendar days before the Final Fairness Hearing.

14. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this

Action or in any other action or proceeding.

15. Any application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

16. No later than thirty (30) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

17. Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

18. The Court approves the CAFA Notice attached as Exhibit E to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

It is so ORDERED this 6th day of February, 2025.

                                                              s/Karoline Mehalchick
                                                              _____
                                                              Honorable Karoline Mehalchick
                                                              United States District Judge